UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 3 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | §§ | |
| VS. | §§ | Case No. 1:99 CR:00-130-001 |
| BENITO GARZA | §§ | CIVIL ACTION B-01-002 |

## 28 U.S.C. §§ 2255 MOTION TO VACATE, SET ASIDE, DEFENDANT'S TERM OF <u>SUPERVISED RELEASE</u>

To The Honorable Judge of Said Court:

The defendant, Benito Garza, in the above-numbered and styled cause, moves this Honorable Court pursuant to 28 U.S.C. §§ 2255, to VACATE TERM OF SUPERVISED RELEASE entered by this Court on June 29, 1999, and for good cause shows the following:

1

## I.

On December 25, 1998, Defendant was arrested/charged for the offense of D.W.I. He violated the conditions of his Supervised Release.

On June 29, 1999, the Honorable Court accordingly revoked Defendant's Supervised Release and entered an amended judgment that ordered him to serve seven (7) months in Prison, followed by two (2) years of Supervised Release, upon release.

On November 18, 1999, Defendant discharged said sentence and was transferred to the Texas Department of Criminal Justice, for violation of the conditions of his State Parole and where his is currently in custody.

## ANALYSIS

The issue on Defendant's Motion to Vacate is whether it violates the Ex Post Facto Clause to apply 18 U.S.C. {} 3583 (h) to the Defendant, because the Application of that Statute subjects him to sentence of both incarceration and additional terms of Supervised Release after revocation of his original term of Supervised Release under the law in effect at the time of the Commission (November 6, 1992, committed a drug violation) of his Offense, an additional term of Supervised Release could **not be** imposed following imprisonment after revocation. This case needs no further argument because the application of a term of seven (7) months incarceration followed by the new additional term of two (2) years of Supervised Release pursuant to 3583 (h) violates the Ex Post Facto Clause because (1) Section 3583 (h) was enacted after Defendant committed his underlying crime; and (2) it's application exposed him to greater punishment that the law that was effective when he committed his underlying crime. This is a penalty that, under **Holmes,** the Defendant can not face in this Circuit at the time he committed his offense. See 18 U.S.C. {} 3583 (e); Holmes, 954 F. 2d (5th Cir. 1992).

2

# II

## **CONSTITUTIONALITY OF THE SENTENCING STATUTE**

The Congress recited the options available to a Court when modifying or revoking a period of Supervised Release in the disjunctive. See 18 U.S.C. {} 3583. Section 3583 is not ambiguous.

.In construing the Statute governing Supervised Release, the sisters Circuit have held the term "revoke" had the plain meaning of "to cancel or rescind". **Koehler**, 973 F. 2d at 135 (quoting Holmes, 954 F 2d 270, 272, (5th Cir. 1992). Clearly, the Circuit Court have held that a District Court had no authority to re-impose a term of Supervised Release once the original term had been revoked. Id. At 134-35. The majority of the sister Circuits have also found the absence of any specific grant of authority to re-impose Supervised Released under {} 3583 (e) (3) meant that Congress did not intend that Courts have such authority once a Supervised Release term had been violated.

Clearly, the Court is without authority and **may not** then order an additional term of Supervised Release to be served after completion of the newly imposed period of incarceration. See, **Strong v. U.S Parole Comm.**, 141 F. 3d 429 (2nd Cir. 1998); **U.S. v. Ransom**, 781 F. Supp. 777 (S.A. Fla. 1992); **U.S. v. Boling**, 947 F. 2d 1461 (10th Cir. 1991) and; **U.S. v. Holmes**, 954 F. 2d 270 (5th Cir. 1992).

3

# CONCLUSION

Based on the plain meaning of the Statute and the persuasive reasoning of the Majority of the Circuit Courts that have already addressed the identical issue now before this Honorable Court here today does support and / or does call for the Defendant's **Motion to Vacate Improper Sentence be Granted.**

Wherefore, premises considered, that portion of the judgment entered by the Court on June 29, 1999, which orders that the Defendant "recommence" his Supervised Release, should be herein **Vacated.**

The Defendant prays for this Court to grant him relief to the extent permitted by law to justify in that Defendant shall not be subject to any additional period of Supervised Release so that Justice may prevail.

Respectfully Submitted,

*Benito Garza*
Benito Garza - Pro Se
#556084 / Boyd Unit
Rt. 2, Box 500
Teague, Texas  75860

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

2255

IN THE UNITED STATES DISTRICT COURT

FOR THE _Southern_ DISTRICT OF TEXAS

_Brownsville_ Division

United States District Court
Southern District of Texas
FILED

JAN 0 3 2001

Michael N. Milby
Clerk of Court

CIVIL ACTION

B-01-002

PETITION FOR A WRIT OF HABEAS CORPUS BY A
PERSON IN STATE CUSTODY

_Benito Garza_
**PETITIONER**
(Full name of Petitioner)

vs.

_United States of America_
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of petitioner)

_Boyd Unit, Texas Depart. of Criminal Justice_
**CURRENT PLACE OF CONFINEMENT**

_T.J.C.# 556084_
**PRISONER ID NUMBER**

**CASE NUMBER**
(Supplied by the Clerk of the District Court)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3. When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6. Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7. When you have finished filling out the petition, mail <u>the original and two copies</u> to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8. Petitions that do not meet these instructions may be returned to you.

## PETITION

### What are you challenging? (Check only one)

| | | |
|---|---|---|
| ☐ | A judgment of conviction or sentence, probation or deferred-adjudication probation | (Answer Questions 1-4, 5-12 & 20-23) |
| ☒ | A parole revocation proceeding. | (Answer Questions 1-4, 13-14, & 20-23) |
| ☐ | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-23) |

### All petitioners must answer questions 1-4:

1. Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack: _U.S. District Court, Brownsville Division Revocation OF Supervised Release Term_

2. Date of judgment of conviction: _June 29, 1999_

3. Length of sentence: _(1) Months imprisoned & (2) years of Supervised Release To Follow_

4. Nature of offense and docket number (if known): _Revocation OF Supervised Release Term Case No. 1.99 CR: 00-130-001_

### Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5. What was your plea? (Check one)

   ☐ Not Guilty   ☒ Guilty   ☐ Nolo contendere

6. Kind of trial: (Check one)   ☐ Jury   ☒ Judge Only

- 2 -   CONTINUED ON NEXT PAGE

7. Did you testify at the trial?  ☐ Yes  ☒ No

8. Did you appeal the judgment of conviction?  ☐ Yes  ☒ No

9. If you did appeal, in what appellate court did you file your direct appeal?

   _____N/A_____ Cause Number (if known) _____

   What was the result of your direct appeal (affirmed, modified or reversed): _____

   What was the date of that decision? ___N/A_____

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Result: ___N/A_____

   Date of result: ___N/A_____ Cause Number (if known): _____

   If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: ___N/A_____

   Date of result: ___N/A_____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

    ☐ Yes  ☒ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: ___N/A_____

    Nature of proceeding: ___N/A_____

    Cause number (if known): ___N/A_____

    Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.

    _____

    Grounds raised: _____

    _____

-3-   CONTINUED ON NEXT PAGE

Date of final decision: ____N/A_____

Name of court that issued the final decision: _____

As to any **second** petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

_____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.

_____

Grounds raised: _____

_____

_____

Date of final decision: _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?
　　　　　　　　　　　　　　☐ Yes　　☒ No

(a) If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

____N/A_____

_____

(b) Give the date and length of the sentence to be served in the future: _____

_____

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

☐ Yes　　☐ No

- 4 -　　　　　　　　　　　　　　　　　CONTINUED ON NEXT PAGE

## Parole Revocation:

13.  Date and location of your parole revocation: _____

14.  Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

     ☐  Yes                ☐  No

     If your answer is "yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.  For your original conviction, was there a finding that you used or exhibited a deadly weapon?    ☐ Yes    ☐ No

16.  Are you eligible for mandatory supervised release?    ☐ Yes    ☐ No

17.  Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

     _____

     Disciplinary case number: _____

18.  Date you were found guilty of the disciplinary violation: _____

     Did you lose previously earned good-time credits?    ☐ Yes    ☐ No

     Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: _____

     _____

19.  Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

     ☐  Yes                ☐  No

     If your answer to Question 19 is "yes," answer the following: _____

     Step 1  Result: _____

     _____

     Date of Result: _____

     Step 2  Result: _____

     _____

Date of Result: _____

**All applicants must answer the remaining questions:**

20. State <u>clearly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    **CAUTION:**
    <u>Exhaustion of State Remedies:</u> You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
    <u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your belief that you are being held unlawfully.

<u>DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS</u>. Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a) Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by the use of a coerced confession.

(c) Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d) Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g) Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h) Conviction obtained by a violation of the protection against double jeopardy.

(i) Denial of effective assistance of counsel.

(j) Denial of the right to appeal.

(k) Violation of my right to due process in a disciplinary action taken by prison officials.

A. **GROUND ONE:** SEE Defendant's 28 U.S.C. § 2255 Motion To Vacate Supervised Release Attached Hereto !

Supporting FACTS (tell your story briefly without citing cases or law):

_____
_____
_____
_____
_____
_____

B. **GROUND TWO:** _____
_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____
_____
_____
_____
_____
_____

C. **GROUND THREE:** _____
_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____
_____
_____
_____
_____

D.   **GROUND FOUR:** _____

_____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_____

_____

_____

_____

_____

21.   Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☐   Yes        ☒   No

If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

_____

_____

_____

22.   Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

☒   Yes        ☐   No

If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

See Defendant's 28 U.S.C. 2255 Motion To Vacate Supervised Release Attached Hereto

_____

23. Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☐ Yes   ☒ No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

_____

_____

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
**Signature of Attorney (if any)**

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _Dec. 26, 2000_ (month, date, year).

Executed on _Dec. 26, 2000_ (date).

*Benito Garza* Pro Se
**Signature of Petitioner (required)**

<u>Petitioner's current address:</u> Benito Garza, T.D.C. # 556084
Rt. 2, Box 500
Teague, Texas 75860

- 9 -

# SERVICE

Service has been accomplished by placing a true and correct copy of the foregoing 28 U.S.C. {} 2255 MOTION TO VACATE in the U.S. Mailroom located at the T.D.C.J.-I.D., Boyd Unit, on the 26th day of Dec. ,2000. Addressed to the following;

**UNITED STATES ATTORNEY
FOR THE SOUTHERN DISTRICT OF TEXAS
3058 FEDERAL BLDG.
600 E. HARRISON STREET
BROWNSVILLE, TEXAS 75820**

*Benito Garza*
**Benito Garza**