

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 0 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|    Respondent-Plaintiff § | |
| § | |
| vs. § | CR B-99-130 |
| § | |
| BENITO GARZA, § | |
|    Petitioner-Defendant § | |
| (CA B-01-002) § | |

### GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

1.

On January 10, 2001, the court ordered the Government to respond to Garza's 28 U.S.C. §2255 motion filed on January 3, 2001, by February 21, 2001. The Government moves to dismiss and, in the alternative, moves for summary judgment.

2.

Garza was charged in the Western District of Louisiana, Lake Charles Division, in Count One of a criminal information with a travel act violation, alleged to have occurred on January 27, 1989, in violation Title 18 U.S.C. §1952 (DOC 1)[1]. After pleading guilty to the information in Lake Charles, Garza was sentenced to sixty (60) months imprisonment to be followed by a three-year term of supervised release (DOC 13). Following the service of his sentence, on November 7, 1997, he was released to begin his term of supervised release. On January 11, 1999, the

---

[1] The first number in the DOC cite relates to the number given the document in the criminal docket sheet. The second number within the DOC cite relates to the page number of the document. PSR is the pre-sentence investigation report.

district court in the Western District of Louisiana initiated proceedings to transfer jurisdiction to the Southern District of Texas. Jurisdiction was transferred on March 25, 1999. On April 19, 1999, the U.S. Probation Office filed a petition to revoke his term of supervised release based upon allegations of driving while intoxicated on December 25, 1998 and February 18, 1999. On May 5, 1999, Garza was found in violation of his supervised release, yet was not revoked. Following the preparation of a PSR, on June 29, 1999, a sentencing hearing was held. The district court revoked Garza's supervised release based upon a finding of true as to the December 28, 1999, DWI, and sentenced him to seven (7) months imprisonment, to be followed by a two-year term of supervised release. Garza is presently serving his two-year term of supervised release. The revocation judgment was entered July 12, 1999 (DOC 11). The judgement became final on September 10, 1999. (FED.R. APP. P. 4[a][1][B]). On July 19, 1999, Garza filed a letter motion requesting a hearing regarding his displeasure with his counsel and with his sentence (DOC 12). The district court denied the 'motion' the same day (DOC 13). On September 13, 1999, Garza filed a motion for reconsideration of sentence. It has not been ruled upon. Garza did not file a direct appeal. On January 3, 2001, Garza filed the instant petition.

3.

Garza's §2255, pleading is untimely. On April 24, 1996, a one-year period of limitation was placed upon the filing of motions under §2255. The one-year period runs from the date the judgment of conviction becomes final. Garza's

2

ability to file such motion expired on September 10, 2000 (one year plus the 60 days after his judgment was entered, with the expiration of the period for filing notice of appeal). *Bass v. United States Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000).

The filing of his motion for reconsideration does not extend the time for his filing of the instant petition. In order for a motion for reconsideration to toll the filing of notice for appeal or §2255, it must be filed within the time period for the filing of a Rule 59(e) motion (10 days from the entry of the judgment). Garza's motion for reconsideration was untimely and is therefore essentially a nullity. *Hamilton v. Williams v. Foti*, 147 F.3d 367, 371 FN. 10 (1998); *Washington v. Patlis*, 868 F.2d 172, 174 (5th Cir. 1989). His motion for reconsideration was not in the nature of a §2255 petition or notice of appeal. It asked for reconsideration of sentence only.

Compliance with the limitation period is jurisdictional. This Court is without jurisdiction to rule upon Garza's motion as a §2255.

If the pleading is viewed as being in the nature of a §2241, there is no time limitation for its filing. Jurisdiction, however, is limited to the district in which Garza is detained, the Western District of Texas.

4.

The Government denies each and every allegation of fact made by Garza except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

5.

Garza's next hurdle relates to the requirement he demonstrate "cause and prejudice" in not pursuing his instant claims on direct appeal. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). In the absence of a "complete miscarriage of justice", which Garza neither alleges nor proves, Garza may not bring a collateral assault on his conviction without demonstrating "cause" for not pursuing his claims on direct appeal and "prejudice" which would be suffered for denial of such collateral review. Garza fails to show either cause or prejudice. The motion should be denied and dismissed under Rule 8(a) of the rules foll. 28 U.S.C. §2255 inasmuch as he offers no cause and prejudice for obtaining review on collateral attack. *See, e.g., United States v. Shaid*, 937 F.2d 228, 231-32 & n.7 (5th Cir. 1991)(en banc)(constitutional or jurisdictional issue reviewable for first time on collateral attack only if the movant demonstrates cause for his procedural default and actual resulting prejudice or that the uncorrected error would result in a complete miscarriage of justice).

An allegation of "miscarriage of justice" warrants collateral review where a constitutional violation has alleged to have caused the conviction of one innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986). "The 'cause' standard requires [the movant] to show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v.*

4

*Collins*, 961 F.2d 1181, 1183 [5th Cir. 1992]) which in turn quotes *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645. "Objective factors that constitute cause include interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to [the appellant] at the prior occasion, and ineffective assistance of counsel in the constitutional sense." *Id.*

To avoid the consequences of a dismissal by applying the fundamental-miscarriage-of-justice exception to Rule 9(b) foll. 28 U.S.C. §2255, a movant must demonstrate, as a factual matter, that he did not commit the crime of conviction. *Schlup v. Delo*, 115 S.Ct. 851, 861, 867 (1995); *Ward v. Cain*, 53 F.3d 106, 107 (5th Cir. 1995) (citing *Schlup*). Stated differently, the movant must demonstrate that the failure to consider his claim will result in his continued incarceration though innocent. *See Saahir v. Collins*, 956 F.2d 115, 120 (5th Cir. 1992); *United States v. Espinoza*, 82 F.3d 640, 642 (5th Cir.1996) (citing *Saahir*).

## ALLEGATIONS

Assuming Garza has complied with the necessary prerequisites to bring this action, a careful reading of Garza's petition suggests one complaint of a constitutional nature, and therefore nominally cognizable under §2255: he complains the district court violated *ex post facto* by applying a more recent version of 18 U.S.C. §3583 than was applicable to him, in sentencing him to an additional period of supervised release, to which he was not previously subject.

5

Although Garza is correct in asserting that the law in place at the time he committed the crime for which he was originally convicted governs subsequent supervised release revocation, in order to succeed on this claim, Garza must also establish that the law previously in place (18 U.S.C. §3583) did not allow for an additional term of supervised release upon the revocation of the original term of supervised release. Such is not the case. The version of Section 3583 applicable at the time of Garza's commission of the original crime (January 27, 1989) allowed the district court to order an additional term of supervised release upon revocation of an original term of supervised release. Indeed, §3583 has at all times allowed the imposition of an additional term of supervised release upon the revocation of the original term of supervised release. *Johnson v. United States*, 120 S.Ct. 1795, 1798 (2000).

A. <u>In the context of a § 2241.</u>

Besides having filed the motion in the wrong district, Garza has other insurmountable hurdles to overcome. In order to bring a §2241 claim, Garza must first demonstrate he has exhausted his claims under §2255 and any available administrative remedies. 28 C.F.R. 542.10. If he was seeking to invoke the "savings clause" of §2255, permitting a §2241 motion after becoming ineligible for redress under §2255, he fails. Such savings clause is limited to "circumstances in which a Supreme Court decision has changed the law of a circuit retroactively in such a way that a prisoner stands convicted for a non-existent offense, and the prisoner had no reasonable opportunity for a judicial remedy of that fundamental

6

defect before filing the §2241 proceeding". *Wofford v. Scott*, 177 F. 3d 1236, 1244 (11th Cir. 1999). The savings clause may also be triggered by "actual innocense, which means factual innocense, not merely legal insufficiency". *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 1611 (1998). Garza has made no such allegations, and has foregone his earlier opportunities. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

Finally, Garza's complaint relates to the imposition of the sentence and not to its execution, as applicable to §2241.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Garza's §2255 petition be dismissed, or in the alternative, subject to denial by summary judgment.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
(956) 548-2554/Fax 548-2549

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the above document has been served by placing same in United States mail, postage prepaid, today, February 20, 2001, addressed to Benito Garza, Prisoner No. 556084, Boyd Unit, Route 2, Box 500, Teague, Texas, 75860.

Mark M. Dowd
Assistant U.S. Attorney