United States District Court
Southern District of Texas
ENTERED

JUN 19 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| BENITO GARZA, | § | |
|    Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-01-002 |
| VS. | § | |
| | § | CRIMINAL NO. B-99-130 |
| UNITED STATES OF AMERICA, | § | |
|    Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the court is Benito Garza's ("Garza") 28 U.S.C. § 2255 Motion to Vacate, Set Aside, Defendant's Term of Supervised Release (Docket No. 1). The government has filed an answer which incorporates a Motion to Dismiss (Docket No. 5). For the reasons set forth below, this Motion should be granted and the case dismissed.

### BACKGROUND

According to the facts set forth in the government's answer, Garza was originally convicted in Lake Charles, Louisiana, for violation of 18 U.S.C. § 1952. He was sentenced to sixty months confinement, followed by a three year SRT. On November 7, 1997, he was released from custody and began his SRT. Jurisdiction was transferred to this court on March 25, 1999.

On April 19, 1999, a petition to revoke, grounded on Garza's two DWI convictions, was filed.

On June 29, 1999, Garza's SRT was revoked. He was sentenced to seven months confinement followed by a two year SRT. Currently he is serving the SRT.

The revocation judgment was entered on July 12, 1999. Under the terms of Fed. R. App. P.

4(a)(1)(B), the judgment was final on September 10, 1999. On July 19, 1999, Garza filed a letter requesting a hearing on his sentence and complaining about his lawyer. This was denied on the same day. On September 13, 1999, Garza filed a motion for reconsideration of his sentence. This motion is still pending. There was no direct appeal.

On January 3, 2001, Garza filed this action.

## RECOMMENDATION

Garza's petition is time barred. In 1996, 28 U.S.C. § 2255 was amended. The amendments incorporated a one year limitation statute. Garza's time to file this petition expired on September 11, 2000. None of the tolling provisions contained in the one year limitation statute apply to his case.

IT IS THEREFORE RECOMMENDED that the government's Motion to Dismiss be **GRANTED**. IT IS FURTHER RECOMMENDED that Benito Garza's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 18th day of June, 2001.

_____
John Wm. Black
United States Magistrate Judge